IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY MOLIERE | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-4925 |
| | : | |
| BERENDA WILSON, *et al.*, | : | |
|    Defendants. | : | |

MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                                                               June  3, 2024

## I.      INTRODUCTION

Plaintiff, acting *pro se*, appears to challenge his removal from employment with USPS, a federal agency. Plaintiff's Complaint implicates personnel actions covered by the comprehensive statutory framework of the Civil Service Reform Act (CSRA). Plaintiff seeks relief of $12,000, apparently related to lost wages. Upon review of Defendant's Motion, as well as the lack of Plaintiff's opposition thereto, I will grant Defendant's motion and dismiss Plaintiff's Complaint.

## II.     FACTS

Plaintiff's Complaint does not state a specific cause of action but alleges that Plaintiff was an employee of the United States Postal Service (USPS), a federal agency. The Complaint challenges Plaintiff's termination from employment on October 15, 2023, and lists USPS employees Berenda Wilson, Postmaster of the Allentown, PA Post Office, and Darnell Wilson, Postmaster of the Catasauqua, PA Post Office as Defendants. On November 8, 2023, Plaintiff commenced this action by filing a Complaint in Magisterial District Court for the Court of Common Pleas of Lehigh County, Pennsylvania. Defendants properly removed this action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) by filing a Notice of Removal. Plaintiff's claims challenge the circumstances surrounding his termination from employment with USPS.

### III.     LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's very power to hear the case." *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D. Pa. 2007), *quoting Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack challenges the sufficiency of the plaintiff's pleadings on jurisdictional grounds. *Petruska v. Gannon University,* 462 F.3d 294, 302, n. 3 (3d Cir.2006). When considering a facial attack, a court must accept the allegations contained in the plaintiff's complaint as true. *Id.* When jurisdiction is lacking "the court cannot proceed at all in any cause" and must dismiss the cause. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506 (1869)). As the party asserting that jurisdiction exists, Plaintiff bears the burden of showing that his or her claims are properly before the court. *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

In the alternative, a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, courts disregard any legal conclusions and accept all well-pleaded facts as true in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The alleged facts must permit the court to infer, based on judicial experience and common sense, that the plaintiff has not only asserted a possible but a *plausible* claim for relief. *Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))*.

### IV.     DISCUSSION

Plaintiff has failed to respond to the motion to dismiss filed by Defendants Berenda Wilson and Darnell Wilson. Failure to make a timely response allows the court to treat a motion as uncontested. *Move Organization v. City of Philadelphia*, 89 F.R.D. 521, 523 (E.D. Pa. 1981).

Further, there is no question that Plaintiff actually received a copy of the motion to dismiss, as the certificate of service states that the motion was served upon him via first-class, U.S. mail, postage paid to P.O. Box 781 Mount Pocono, PA 18344 and via email at Harry.Moliere@gmail.com. Plaintiff's response was due on February 9, 2024, and he has not responded, nor has he requested additional time to do so.

Rule 7.1(c) of the local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions];" see also *Celestial Community Development Corp., Inc., v. City of Philadelphia*, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010)(Gardner, J.) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."). Accordingly, Defendants Berenda Wilson and Darnell Wilson's motion to dismiss is granted as unopposed. However, even if I were not to consider the motion as unopposed, I would nonetheless grant the motion and dismiss Plaintiff's Complaint on the merits.

In the instant matter, Defendants argue that dismissal is required under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because (1) the state court in which Plaintiff filed this action, and therefore this Court, lacks subject matter jurisdiction, or, in the alternative, (2) Plaintiff fails to state a claim upon which relief can be granted. First, dismissal is warranted because this Court lacks subject matter jurisdiction under the doctrine of derivative jurisdiction. When an action is properly removed from state court under 28 U.S.C. § 1442(a)(1), this Court's subject matter jurisdiction is based on the state in which the action was filed. *See Calhoun v. Murray,* 507 Fed. Appx. 251. 256 (3d Cir. 2012). Even though Plaintiff's Complaint does not state a specific cause of action, it implicates personnel actions covered by the comprehensive statutory framework of

the Civil Service Reform Act (CSRA). 5 U.S.C. § 1101. Claims under CRSA are in the exclusive domain of federal courts; as such, CRSA preempts state court jurisdiction over claims for money damages regarding the federal employee-employer relationship, even when framed as breach-of-contract, harassment, tort, or constitutional claims. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012); *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Since state courts lack jurisdiction over CRSA claims, under derivative jurisdiction, this Court also lacks jurisdiction. Further, even assuming that Plaintiff can raise a claim not preempted by the CRSA, the United States has not waived its sovereign immunity for money damages related to federal employment. 28 U.S.C. § 1346(b)(1).

Second, in the alternative, even if this Court had jurisdiction, dismissal is warranted because Plaintiff fails to state a claim on which relief can be granted. Plaintiff's Complaint states an entitlement to relief without any factual matter to present a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Further, Plaintiff has failed to exhaust his administrative remedies, as required by CRSA, Title VII, and the Federal Tort Claims Act (FTCA). *See Irizarry v. United States*, 427 F.3d 76, 78-79 (1st Cir. 2005) (stating CRSA requires exhaustion of administrative remedies by first filing a complaint with OSC). Plaintiff fails to allege any other cognizable basis for relief. Accordingly, this matter will be dismissed in its entirety with prejudice.

## V.  CONCLUSION

For all of the foregoing reasons, Defendant's Motion is granted and Plaintiff's Complaint is dismissed.